IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALBERT LEE ANDREWS, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:12CR117-1 |
| ) | 1:16CV565 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Petitioner's Letter Motion (Docket Entry 148),[1] which asserts that, "[d]ue to President Joe Biden's [p]ardon of [Petitioner's marijuana] offense, [he] should be taken before the sentencing judge and resentenced" (id. at 1; see also id. ("I'm a pro se litigant & would like for this letter to be accepted as a motion to receive the proper remedy to this problem.")). The Court should deny the Letter Motion.

### INTRODUCTION

This case began when a grand jury for this District indicted Petitioner (in Count One of the Indictment) for interfering with commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act robbery"), and (in Count Two of the Indictment) for carrying and using by brandishing a firearm during and in relation to that interference with commerce, in violation of 18 U.S.C.

---

[1] Parenthetical cites refer to Petitioner's criminal case.

§ 924(c)(1)(A)(ii) ("Section 924(c)").  (See Docket Entry 1 at 1-3.)  The case proceeded to trial.  (See Docket Entries 58-60, 78.)  After the United States rested (see Docket Entry 59 at 165), Petitioner presented testimony from two alibi witnesses (see id. at 168-96).  The jury, however, found him guilty on both counts.  (See Docket Entry 44 at 1; Docket Entry 60 at 6-9.)  The United States Probation Office later issued a Presentence Investigation Report ("PSR"), which included findings that "[Petitioner] ha[d] at least two prior felony convictions of [] a crime of violence . . . [and] therefore[ wa]s a career offender."  (Docket Entry 117 at 6 (citing multiple convictions for robbery with a dangerous weapon and assault with a deadly weapon with intent to kill); see also id. at 7-9 (documenting seven total such convictions, all consolidated for judgment but with multiple intervening arrests).)

"[A]s . . . a career offender who [wa]s also convicted of [a Section] 924(c) [offense] . . ., [the PSR calculated Petitioner's] guideline range [as] 360 months to life."  (Id. at 16 (citing U.S.S.G. §§ 4B1.1(c)(3) and 5G1.2(e) (2011)).)  Per an Addendum to the PSR, "[Petitioner continued to] den[y] being involved in the instant offense[s] and disagree[d] with the facts set out in the offense conduct section of the [PSR]."  (Id. at 20; see also Docket Entry 50 at 1 (confirming that "[Petitioner] persists in his plea of being Not Guilty").)  He thereafter filed a sentencing memorandum, "maintain[ing] his innocence . . . ."  (Docket Entry 63

2

at 1; see also id. (objecting that PSR "does not take into account [Petitioner's p]osition that he is not guilty").) That memorandum also lodged specific objections to certain findings and guideline calculations in the PSR, including (most prominently) Petitioner's designation as a career offender. (See id. at 2; but see Docket Entry 64 at 4 (acknowledging United States v. Collins, 412 F.3d 515 (4th Cir. 2005), as "adverse holding[]," while "contend[ing it] is subject to further judicial review").)

At the sentencing hearing, Judge Tilley (A) upheld the PSR's career offender determination (see Docket Entry 79 at 5; see also id. at 7-9 (allowing Petitioner to argue career offender issue pro se and rejecting arguments as contrary to Judge Tilley's "understanding of the law for many, many years")), and (B) "accept[ed] the facts in the [PSR] and the application of the guidelines" (id. at 11), which established an "advisory guideline [imprisonment] range . . . [of] 360 months to life, . . . divided between Count One, where there is a maximum of 20 years; and Count Two, where there is a mandatory minimum of seven [years], and possibly life" (id.). After Petitioner's counsel re-emphasized that Petitioner "maintain[ed] his innocence" (id.; see also id. at 20-21 (memorializing Petitioner's allocution expressing no remorse)), Judge Tilley pronounced sentence as follows:

> [T]here are several things about the case which truly are concerning; the use of a firearm, the way the firearm was used, the fact that this was way down the list in a series of felony robberies with the use of a firearm for

3

> [Petitioner], and during [one such] use of a firearm [there] was a discharge of a firearm . . . .
>
> Another concern is, that while some of the evidence was circumstantial, it was strong circumstantial evidence. . . . [Y]et [Petitioner] allowed two people to get on the witness stand . . . and to commit perjury.
>
> . . . [O]rdinarily, if this were not a career offender case, I would find obstruction of justice, but that goes away with the career offender [guideline], so I'm not going to add anything to it for that, but I'm going to recognize that.
>
> There is no question that [Petitioner], who had not been out of prison long before resuming the robbery [pattern], poses a significant danger to the community, and [showed] an unwillingness to change his behavior, his use of a firearm, his threats against people.
>
> This, I think, is exactly the type of case that the career offender status was designed to fit . . . . [I]n considering [Petitioner's] age, in spite of the fact that he has been unable to alter his conduct to avoid using firearms to threaten and put others' lives in jeopardy, the 360 months, I think, is sufficient . . . .
>
> So I am going to adopt the recommendation of 360 months, which would be 2[40] months under Count One, followed by a consecutive 120 months under Count Two . . . .

(Id. at 21-22; see also Docket Entry 71 at 2 ("[Petitioner] is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 360 months. 240 months as to Count 1; 120 months as to Count 2 to run consecutive to Count 1[.]" (bold font and brackets omitted)).)

Petitioner appealed his convictions and sentence. (See Docket Entry 67 at 1.) "On appeal, [he] argue[d] that the evidence presented and argued by the Government at trial resulted in a fatal variance that require[d] th[e Fourth Circuit] to vacate his

4

convictions. He also contend[ed] that th[is C]ourt erred in sentencing him as a career offender." United States v. Andrews, 547 F. App'x 248, 249 (4th Cir. 2013). "Based on [its] review of the record, [the Fourth Circuit] conclude[d] that no fatal variance occurred." Id. "The Government concede[d], however, that [Petitioner's] career offender sentence [wa]s improper after th[e Fourth Circuit's] decision in *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013), and therefore that his sentence should be vacated and the case remanded for resentencing." Andrews, 547 F. App'x at 249; see also id. ("In *Davis*, th[e Fourth Circuit] held 'that a consolidated sentence under North Carolina law is a single sentence for purposes of the career offender enhancement.'" (quoting Davis, 720 F.3d at 216)). "Accordingly, [the Fourth Circuit] affirm[ed] Petitioner's] convictions, vacate[d] his sentence, and remand[ed] for resentencing." Id. at 250.

Following that remand, Judge Tilley set a resentencing hearing. (See Docket Entries 92-94.) In advance of that hearing (and per the Fourth Circuit's subsequent recounting at the time of Petitioner's post-resentencing appeal), "the U.S. Probation Office issued a [m]emorandum that calculated [the Count One] total offense level as 22. The government then requested a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. A revised [m]emorandum added the enhancement as requested, increasing the total offense level to 24. [Petitioner] objected to the two-level

5

enhancement for obstruction." United States v. Andrews, 808 F.3d 964, 967 (4th Cir. 2015).

The Probation Office also dropped Petitioner's criminal history category down to III (see Docket Entry 91 at 1), because Davis not only precluded his career offender designation but also assignment of criminal history points to his three sets of convictions for armed robberies and/or violent assaults committed from 2000 to 2002, which formed part of the consolidated 2003 state judgment at issue in his original appeal (see id. at 4-5 (discussing Docket Entry 63-1 at 2-4)). Given that consideration (as well as the preclusion of criminal history points for Petitioner's 2013 convictions in state court for additional armed robberies for which he had awaited trial at the time of the offenses charged in the Indictment[2]), the United States took the position that "[Petitioner's] criminal history [category of III] substantially under-represent[ed] the seriousness of his criminal history and the likelihood he will commit other crimes" (id. at 6), such that, under U.S.S.G. § 4A1.3(a)(2), "[a]n upward departure [wa]s warranted" (id.), along with "an upward variance . . . under the factors set out in [18 U.S.C.] § 3553(a)" (id. at 7; see also id. at 7-8 ("Although no longer classified as a career offender,

---

[2] The guidelines assigned no criminal history points to those armed robbery convictions because of their inclusion within another consolidated judgment, along with state offenses arising from the same offense conduct underlying the charges in the Indictment. (See Docket Entry 91 at 5 (discussing Docket Entry 91-1 at 1-3).)

6

[Petitioner] has the type of criminal conviction history that calls for a variance upward to specifically deter [him] from committing robbery type offenses in the future.")). As with the obstruction enhancement, Petitioner objected to any upward departure or upward variance. (See Docket Entry 95 at 2-4.)

During the resentencing hearing, Judge Tilley heard extensive argument about the obstruction enhancement (see Docket Entry 103 at 5-15), before making a detailed oral ruling upholding it (see id. at 15-18). Consistent with that ruling, Judge Tilley "adopt[ed] the findings and guideline applications . . . in the [Probation Office's revised] memorandum where the total offense level [for Count One wa]s a 24. Criminal history category [wa]s a III." (Id. at 18.) Both sides next argued exhaustively about the departure and variance issues (see id. at 19-35), after which Judge Tilley (once more in meticulous fashion) explained his decision to upwardly depart to criminal history category V (see id. at 36-37), moving Count One's advisory guideline imprisonment range to "92 to 115 [months]" (id. at 37). With that new baseline, Judge Tilley allowed counsel for both sides and (lastly) Petitioner to all make final comments about an appropriate sentence (including any upward variance under Section 3553(a)). (See id. at 37-40.)[3]

---

[3] Although Petitioner's resentencing remarks took a more penitent tack than his initial sentencing allocution, he still did not affirmatively admit guilt. (See Docket Entry 103 at 39-40 ("thank[ing his family] for standing by [him]," "apologiz[ing] to
(continued...)

Judge Tilley then made these comments in imposing sentence:

> The trial is still very vivid in my recollection, in particular, the part about the gun being pointed at the individuals and threats, twice, at least to shoot them. There was a lot of fear. That's a real psychological trauma for somebody to go through.
>
> We talked about the number of different armed robberies and . . . it has been a continuing pattern of either being in prison or being out with armed robberies taking place. I think it is apparent that [Petitioner] is bright. I am concerned with [Petitioner] knowingly presenting evidence to deceive the jury, that does not make me believe somebody has turned a new leaf and really wants to be remorseful or admit conduct, it is just the very opposite of that.
>
> The public does need protection. Goodness, when you have somebody committing that many armed robberies which involve shootings, involve threats of shooting, the public does need protection. Obviously he is young.
>
> Considering the things that [the parties] ha[d] talked about today, I am going to find that[,] under Count One, a sentence of 115 months, at the high end of that recast guideline range, to be followed by a period of 84 months [on Count Two] is sufficient to address the [Section] 3553(a) concerns. I will not vary upward.

(Id. at 40-41; see also Docket Entry 97 ("Amended Judgment") at 2 ("committ[ing Petitioner] to the custody of the United States

---

³(...continued)
the Court and everybody else for even being here" (but not for doing anything), expressing generic desire "to apologize," describing himself as "remorseful for everything [he had] done" (without specifying anything he had done), and voicing his "hope [to] have the chance once again to make it home to [his] family and daughter").) Indeed, while complimenting Petitioner's words as "very well said" (id. at 40), Judge Tilley pointed out that Petitioner sounded a familiar but discordant note by "apologiz[ing] to the Court" (id. at 41), while failing to acknowledge the harm he inflicted on "the people who are the victims of [the] robbery" (id.; see also id. ("[V]ictims really do suffer. It is a psychologically traumatic event in their lives.")).

8

Case 1:12-cr-00117-CCE   Document 154   Filed 02/28/23   Page 8 of 20

Bureau of Prisons . . . for a total term of 199 months" with "115 months as to Count 1; 84 months as to Count 2 to run consecutive to Count 1" (asterisks, bold font, and brackets omitted)).)

Petitioner appealed the Amended Judgment. (See Docket Entry 98 at 1.) "The sole issue [in that appeal wa]s the propriety of the enhancement for obstruction of justice," Andrews, 808 F.3d at 968, and the Fourth Circuit held that Judge Tilley "properly applied th[at] enhancement to safeguard the integrity of the proceedings," id. at 971; see also id. ("[The Amended J]udgment is affirmed.")). After the United States Supreme Court denied review, see Andrews v. United States, 577 U.S. 1199 (2016), Petitioner timely filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion") (Docket Entry 110; see also Docket Entry 111 (Memorandum)), which raised three grounds for collateral relief (see Docket Entry 110, ¶ 12.A.-C.), followed by two Motions to Amend (Docket Entry 120 ("First Motion to Amend"); Docket Entry 128 ("Second Motion to Amend")).[4]

---

[4] Because Petitioner filed the First Motion to Amend – with a fourth ground for relief (see Docket Entry 120 at 2-5) – before the United States responded to the Section 2255 Motion (compare id. at 1 (bearing file-stamp of August 19, 2019), with Docket Entry 126 at 14 (reflecting filing date of May 1, 2020)), that fourth ground for relief became a part of Petitioner's habeas action "as a matter of course," Fed. R. Civ. P. 15(a)(1); see also 28 U.S.C. § 2242 ("[Habeas actions] may be amended or supplemented as provided in the rules of procedure applicable to civil actions."). The Second Motion to Amend, in turn, proposes the addition of fifth and sixth grounds for relief. (See Docket Entry 128 at 2-5.)

9

While Petitioner's foregoing habeas filings remained pending, he submitted the Letter Motion, which makes this declaration:

> President Joe Biden recently [p]ardoned all "Simple marijuana" or "Simple Possession of Marijuana" offenses within the federal government.
>
> During my criminal [p]roceedings it was determined that I had a prior conviction for Simple Possession of Marijuana. I was given 1 point under my criminal history and moved from category 2 and placed in category 3. Because of the point for Simple Possession I was given a total criminal history of 4 points and not three (3) for my one felony conviction. It was also an automatic jump of about 2-3 years difference in my sentence calculation.
>
> Due to President Joe Biden's [p]ardon of said offense, I should be taken before the sentencing judge and resentenced.

(Docket Entry 148 at 1 (unmatched quotation mark omitted).)

## DISCUSSION

"[Habeas actions] may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under said rules, "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading . . . ." Fed. R. Civ. P. 15(a)(1). Because (as the Introduction shows) Petitioner used his lone, matter-of-course amendment when he filed the First Motion to Amend, he may amend his habeas action via the Letter Motion "only with . . . written consent [by the United States] or the [C]ourt's leave," Fed. R. Civ. P. 15(a)(2). The Letter Motion does not tender written consent by the United States to the addition of this latest relief request to Petitioner's pending habeas action. (See Docket

10

Entry 148 at 1.) Any such expansion of that habeas action thus requires judicial permission, which the Court may refuse, if the record reveals "bad faith, undue prejudice to the opposing party, or futility of amendment," <u>United States v. Pittman</u>, 209 F.3d 314, 317 (4th Cir. 2000); <u>see also</u> Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit [a litigant] to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."); <u>Franks v. Ross</u>, 313 F.3d 184, 198 n.15 (4th Cir. 2002) (explaining that "distinction [between amending and supplementing] is of little practical significance, however, because the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical," i.e., "[i]n either situation, leave should be freely granted, and should be denied only where good reason exists"). Here, the Court should decline to allow the amendment of Petitioner's habeas action to include the Letter Motion's request for resentencing, due to the futility of any such amendment.

Specifically, Section 2255 provides in relevant part that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that <u>the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack</u>, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

11

28 U.S.C. § 2255(a) (emphasis added). The Letter Motion states no claim within those explicit (emphasized) confines.

Simply put, the Letter Motion does <u>not</u> allege that Petitioner's "sentence was imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," 28 U.S.C. § 2255(a); to the contrary (as detailed in the Introduction), the Letter Motion asserts (based on a faulty factual premise[5]) that a mass pardon recently issued by President Biden entitles Petitioner to resentencing. That contention does not state a cognizable claim under Section 2255. <u>See</u> <u>United States v. Addonizio</u>, 442 U.S. 178, 186-87 (1979) ("There is no claim of a constitutional violation; the sentence imposed was

---

[5] The marijuana conviction documented in Petitioner's PSR (for which he received one criminal history point) occurred under North Carolina law (<u>not</u> federal law) (<u>see</u> Docket Entry 117 at 9), such that President Biden's recent, blanket pardon of "all current United States citizens and lawful permanent residents who have been convicted of the offense of simple possession of marijuana <u>in violation of 21 U.S.C. § 844</u>," <u>United States v. Heard</u>, No. 7:22MJ1130, 2022 WL 15489346, at *1 (E.D.N.C. Oct. 26, 2022) (unpublished) (emphasis added) (citing Pres. Joseph R. Biden, A Proclamation on Granting Pardon for the Offense of Simple Possession of Marijuana (Oct. 6, 2022)), did <u>not</u> "[p]ardon [Petitioner's] said offense" (Docket Entry 148 at 1), <u>see generally</u> <u>Hain v. Mullin</u>, 436 F.3d 1168, 1172 (10th Cir. 2006) ("[T]he President does not have the power acting under the United States Constitution to pardon defendants convicted in state courts . . . .") (citing U.S. Const., art. II, § 2 (allotting "Power to grant Reprieves and Pardons for Offenses <u>against the United States</u>" (emphasis added))).

12

within the statutory limits; and the proceeding was not infected with any error of fact or law of the 'fundamental' character that renders the entire proceeding irregular and invalid. The absence of any error of this nature or magnitude distinguishes [the petitioner's] claim from those in prior cases . . . in which collateral attacks were permitted. . . . Our prior decisions, then, provide no support for [the petitioner's] claim that he is entitled to relief under [Section] 2255. According to all of the objective criteria - federal jurisdiction, the Constitution, and federal law - the sentence was and is a lawful one. And in our judgment, there is no basis for enlarging the grounds for collateral attack to include claims based not on any objectively ascertainable error . . . ."); see also United States v. Pettiford, 612 F.3d 270, 278 (4th Cir. 2010) ("The Supreme Court has interpreted the phrase 'otherwise subject to collateral attack' as involving a claim of 'error of fact or law of the "fundamental" character that renders the entire proceeding irregular and invalid.'" (quoting Addonizio, 442 U.S. at 186)).

Nor does any other statute or rule afford any authority for the Court to resentence Petitioner on the basis cited in the Letter Motion. In particular, federal law expressly provides that:

<u>The [C]ourt may not modify a term of imprisonment once it has been imposed except</u> that--

(1) in any case--

13

(A) the [C]ourt, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), <u>after considering the factors set forth in section 3553(a) to the extent that they are applicable</u>, if it finds that--

(i) <u>extraordinary and compelling reasons</u> warrant such a reduction; or

(ii) <u>the defendant is at least 70 years of age, has served at least 30 years in prison</u>, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, <u>and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community</u>, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the [C]ourt may modify an imposed term of imprisonment to the extent otherwise <u>expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure</u>; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on <u>a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)</u>, upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the [C]ourt may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c) (emphasis added).

None of the foregoing exceptions to Section 3582(c)'s general bar against sentence modification apply in this case. First, Petitioner's age (i.e., under 70 (see Docket Entry 117 at 2 (documenting Petitioner's birth-year as 1982)), his period of imprisonment (i.e., less than 30 years (see Docket Entry 97 at 2 ("imprison[ing Petitioner] for a total term of 199 months" (asterisk and bold font omitted))), and the Letter Motion's lack of any showing that the Director of the Bureau of Prisons has deemed Petitioner non-dangerous (see Docket Entry 148 at 1), all preclude reduction of his sentence under Part (c)(1)(A)(ii) of Section 3582. Second, Subparagraph (c)(1)(B) of Section 3582 does not authorize sentencing relief because (A) the Letter Motion does not cite (and independent research has not revealed) any other statutory provision which would allow resentencing, (B) Federal Rule of Criminal Procedure 35(a) does not apply because Petitioner submitted the Letter Motion on November 14, 2022 (see id.), i.e., far more than 14 days after his resentencing on April 24, 2014 (see Docket Entry 103 at 1), see Fed. R. Crim. P. 35(a), and (C) Federal Rule of Criminal Procedure 35(b) does not apply because Petitioner (not the United States) filed the Letter Motion and it does not concern substantial assistance (see Docket Entry 148 at 1), see Fed. R. Crim. P. 35(b). Third, the Letter Motion does not contend that the Sentencing Commission lowered any guideline provision in a manner which affected Petitioner's advisory sentencing range (see

15

Docket Entry 148 at 1) and, therefore, Paragraph (c)(2) of Section 3582 does not provide a basis for the Court to alter his sentence.

Fourth (and last), assuming (for this purpose only) Petitioner submitted the Letter Motion "after [he] ha[d] fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a [resentencing] motion on [his] behalf or the lapse of 30 days from the receipt of such a request by [his] warden," 18 U.S.C. § 3582(c)(1)(A); see also United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021) (holding that "district court [] erred by sua sponte dismissing [resentencing] motion based on [above-quoted] requirement" (italics omitted)), Petitioner still cannot obtain a sentence reduction under Part (c)(1)(A)(i) of Section 3582 – "[c]ommonly termed the 'compassionate release' provision," United States v. Byrd, Crim. No. 11-657, Civ. No. 21-613, 2022 WL 1120064, at *7 (D. Md. Apr. 13, 2022) (unpublished) – because the Letter Motion does not establish "extraordinary and compelling reasons warrant[ing] such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i); see also United States v. Miller, No. 1:10CR13-2, 2022 WL 4221091, at *1 (M.D.N.C. Sept. 13, 2022) (unpublished) (Tilley, S.J.) ("[The defendant] must meet [the] burden of showing that extraordinary and compelling reasons warrant a sentence reduction."); Byrd, 2022 WL 1120064, at *10 (same). To begin, as explained in Footnote 5,

President Biden did not (and could not) pardon Petitioner for his state law/state court marijuana conviction.[6]

Furthermore, "[d]espite changes in society's attitudes towards marijuana, Congress has not legalized marijuana at this time, nor has the Sentencing Commission amended [the Guidelines] to exclude controlled substance convictions involving marijuana." United States v. Gonzalez, Crim. No. 2:15-42, 2022 WL 16823075, at *3 (S.D. Tex. Nov. 7, 2022) (unpublished). Accordingly, even if the Court (liberally) construed the Letter Motion as "argu[ing] that marijuana has been accepted in society as normal, and [that Petitioner might have received a lighter sentence] if his old and

---

[6] Nor did Petitioner's "move[] from [criminal history] category 2 and place[ment] in [criminal history] category 3" (Docket Entry 148 at 1), "[b]ecause of the point for Simple Possession" (id.), cause "an automatic jump of about 2-3 years difference in [his] sentence calculation" (id.). See U.S.S.G. Ch. 5, Pt. A (2011 & 2013) (setting imprisonment ranges of "57-71" months and "63-78" months in cells for offense level 24/criminal history category II and offense level 24/criminal history category III, respectively). Moreover (as detailed in the Introduction), Petitioner's positioning in criminal history category III due to his marijuana conviction ultimately did not impact his advisory guideline range or final sentence, as Judge Tilley (A) departed upward to criminal history category V to properly account for all of Petitioner's many armed robbery and violent assault convictions for which he received no criminal history points (due to state-court consolidations) (see Docket Entry 103 at 36-37), and (B) concluded (after consideration of the Section 3553(a) factors) that Petitioner deserved a prison sentence at the highest end of the resulting range (of 92 to 115 months) (see id. at 40-41). In sum, "[Petitioner's] attempt to recalculate his criminal history points misses the point. They were irrelevant to his [final guideline range and ultimate sentence] . . . ." United States v. Isom, No. 1:03CR241 & 242, 2023 WL 422889, at *7 (M.D.N.C. Jan. 26, 2023) (unpublished) (Schroeder, C.J.).

17

outdated prior marijuana conviction[] w[as] not applied as Criminal History," id. (internal quotation marks omitted), he could not prevail under Part (c)(1)(A)(i) of Section 3582, as "[t]his is not an extraordinary and compelling reason warranting early release," id.; see also United States v. Diaz-Lara, No. 1:15CR239, 2022 WL 2117825, at *1 (D. Idaho June 13, 2022) (unpublished) (holding that mere "stat[ement] that marijuana laws are more lenient now" does not "meet [the] burden of establishing extraordinary and compelling reasons for [resentencing]"); United States v. Landfried, No. 09CR40034, 2021 WL 5014783, at *3 (C.D. Ill. Oct. 28, 2021) (unpublished) ("[The d]efendant's argument that his sentence is excessive considering societal attitudes towards marijuana today cannot supply an extraordinary and compelling reason to reduce a lawful sentence." (internal quotation marks omitted)).

Alternatively, "even if [Petitioner] were found to have shown extraordinary and compelling reasons [for resentencing], which he has not, application of the factors from [Section] 3553(a) foreclose relief [under Part (c)(1)(A)(i) of Section 3582]." Miller, 2022 WL 4221091, at *3; see also United States v. Bond, 56 F.4th 381, 385 (4th Cir. 2023) (emphasizing that, although 2018 amendment of compassionate release provision to allow for motions filed by defendants "result[ed from] years of Congressional debate on how to reduce the size of the federal prison population," that fact "doesn't mean Congress sanctioned sentence reductions for all"

18

(internal quotation marks omitted)); Byrd, 2022 WL 1120064, at *10 ("[C]ompassionate release [relief] is a rare remedy." (internal quotation marks omitted)). Most significantly here, "the violent nature of [Petitioner's] prior criminal conduct (and of his underlying offenses as explained [at his sentencing and resentencing]) concerned the Court and . . . informed [his] sentence." Miller, 2022 WL 4221091, at *2. Now, just as then, "[his] criminal history and high risk of recidivism, [create a strong] need for adequate deterrence [which] weighs against . . . a sentence reduction." United States v. Pate, No. 1:17CR56, 2023 WL 362813, at *4 (M.D.N.C. Jan. 23, 2023) (unpublished) (Eagles, J.); see also id. ("[The defendant] is unquestionably a repeat offender with a long history of [dangerous criminal conduct]. A long sentence is appropriate and necessary to deter [him] from committing future crimes." (internal citation omitted)). Stated more bluntly, "it is beyond obvious that [Petitioner] is a repeat offender at high risk of recidivism. A sentence reduction would not protect the community." United States v. Clark, No. 1:19CR152, 2023 WL 1967627, at *3 (M.D.N.C. Feb. 13, 2023) (unpublished) (Eagles, J.); see also Pate, 2023 WL 362813, at *4 ("A sentence reduction would not protect the public. [The defendant] has a history of . . . engaging in violent behavior.").

CONCLUSION

"[T]he line between [a] compassionate release [motion] and a motion to vacate [a sentence under Section 2255] is sometimes less than clear." United States v. Isom, No. 1:03CR241 & 242, 2023 WL 422889, at *4 n.6 (M.D.N.C. Jan. 26, 2023) (unpublished) (Schroeder, C.J.). No matter the side of that line on which the Court places the Letter Motion, Petitioner can obtain no relief: The Letter Motion's request for resentencing fails as futile if considered under Section 2255 and does not fit the compassionate release (or any other) exception to Subsection 3582(c)'s general prohibition against sentence modifications.

**IT IS THEREFORE RECOMMENDED** that the Letter Motion (Docket Entry 148) be denied, without a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

February 28, 2023